# EXHIBIT C



**United States Department of Justice**

*William J. Powell*
*United States Attorney*
United States Attorney's Office
Northern District of West Virginia

W. Craig Broadwater Federal Building
217 West King Street
Suite 400
Martinsburg, WV 25401

Phone: (304) 262-0590
Fax: (304) 262-0591

July 24, 2019

**FILED**

**AUG 0 9 2019**

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

S. Andrew Arnold
Arnold & Bailey, PLLC
208 N. George Street
Charles Town, WV 25414

In re: United States v. William Loren Hoffman, III
Criminal Action No.: 3:18-CR-61

Dear Mr. Arnold:

This will confirm conversations with you concerning your client, William Loren Hoffman, III (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Defendant will plead guilty to Count Two of the Indictment, Making False Entry in Records by Federal Firearms Dealer, in violation of Title 18, United States Code, Sections 922(m) and 924(a)(3)(B).

2. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment of not more than one year; a fine of $1,000; and a term of one year of supervised release.

It is further understood by Defendant that there is a special mandatory assessment of $10.00 (18 U.S.C. § 3013). It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

_____
William Loren Hoffman, III, Defendant

Date: 7-24-19

_____
S. Andrew Arnold, Esq.
Counsel for Defendant

Date: 7/24/19

- 1 -

3. Defendant will be completely forthright and truthful with regard to the all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 4 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At sentencing, the United States will dismiss the remaining counts of the Indictment against this Defendant.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

_____
William Loren Hoffman, III, Defendant

_____
S. Andrew Arnold, Esq.
Counsel for Defendant

7-24-19
_____
Date

7-24-19
_____
Date

7. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation; and

   B. The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

8. The parties waive the right to have a full presentence investigation made prior to sentencing and request that the court impose the sentence immediately upon the acceptance of a guilty plea.

9. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, **fails to pay the special assessment on or before sentencing**, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

10. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct of the Defendant with regard to the Indictment is the Defendant, on or about October 18, 2017, was an employee at Frazier's Pawn Shop, a federally licensed firearms dealer, and the Defendant made a false entry in the firearm records that he was required by federal law to maintain, and that Defendant knowingly made the false entry with knowledge of the falsity, in violation of 18 U.S.C. § 922(m). Defendant agrees that this conduct constitutes a willful violation of the Gun Control Act. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

11. Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

   a. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s);

_____   7-24-19
William Loren Hoffman, III, Defendant     Date

_____   7/24/19
S. Andrew Arnold, Esq.     Date
Counsel for Defendant

- 3 -

    b. To appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742;

    c. To challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

| _/s/ William Hoffman_ | 7-24-19 |
|---|---|
| William Loren Hoffman, III, Defendant | Date |
| _/s/ S. Andrew Arnold_ | 7/24/19 |
| S. Andrew Arnold, Esq.<br>Counsel for Defendant | Date |

13.     The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

14.     Defendant agrees that he will not apply for nor hold a Federal Firearms License from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Defendant also agrees that he will not be employed by a Federal Firearms Licensee.

15.     Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

_____     7-24-19
William Loren Hoffman, III, Defendant     Date

_____     7/24/19
S. Andrew Arnold, Esq.     Date
Counsel for Defendant

- 5 -

16. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

17. The above sixteen paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By: *Lara K. Omps-Bottecher*
Lara K. Omps-Bottecher
Assistant United States Attorney

As evidenced by my signature at the bottom of the six (6) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
William Loren Hoffman, III, Defendant

_____
S. Andrew Arnold, Esq.
Counsel for Defendant

7-24-19
Date

7/24/19
Date