

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Washington Field Division*

90 K Street, NE, Suite 1102
Washington, DC 20002
www.atf.gov

January 29, 2019

Mr. David Frazier II
Frazier's Pawn Shop
922 N. Queen Street
Martinsburg, WV 25404

Re: 4-55-003-02-8H-01768

Mr. Frazier:

As you are aware, Investigators from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") conducted an inspection of your firearms business at your licensed premises beginning on January 24, 2018, which continued through December 4, 2018 and revealed multiple willful violations of the Gun Control Act of 1968, Title 18, United States Code, Chapter 44 and the implementing regulations, Title 27, Code of Federal Regulations. Part 478.

Accordingly, attached is a Notice to Deny Application for License, ATF Form 5300.43 citing these violations as a basis for the denial of your Federal firearms license application for renewal. Under 27 CFR Part 478 you have 15 days from the date you received the attached Notice to Deny Application for License, to request a hearing.

If you will like to schedule a hearing, please contact DIO Michael F. Fronczak at (202) 648-7177 within 15 days of the receipt of this letter. If a timely request for a hearing is not received, the application shall be disapproved and a copy so marked will be returned to you.

Sincerely,

Michael F. Fronczak
Director, Industry Operations
Washington Field Division

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Notice to Deny Application for License

☐ In the matter of application for license as a/an _____, filed by:
or

☑ In the matter of application for renewal of license number  4-55-003-02-8H-01768 _____ as a/an
_____, filed by:

**Name and Address of Applicant** *(Show number, street, city, State and ZIP Code)*

David Milton Frazier II
Frazier's Pawn Shop
922 N. Queen Street
Martinsburg, West Virginia 25404

**Notice Is Hereby Given That:**

The application described above may be denied because the applicant does not qualify for licensing under the provisions of 18 U.S.C. § 923(d), as set forth in the pages attached and made a part of this form. Pursuant to 18 U.S.C. § 923(f)(2), you may file a request for a hearing to review the denial of your application. This request must be received, in duplicate, by the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, located at  90 K Street NE, Suite 1102, Washington, D.C. 20226 _____, within 15 days of your receipt of this notice.

Where a timely request for hearing is made, and the application described above is for renewal of a currently valid license, you may continue to operate under your present license pending the outcome of the hearing. The hearing will be held as provided in 27 CFR Part 478.

If a timely request for a hearing is not received, the application shall be disapproved, and a copy so marked will be returned to the applicant.

☑ Please see included brochure

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 01/29/2019 | Michael F. Fronczak - Director, Industry Operations | *[signature]* |

I certify that on the date shown below I served this notice on the person identified below by:

☐ Certified mail to the address shown below.
   Tracking Number: _____

☑ Delivering a copy of the notice to the address shown below.

Or

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 1/31/19 | Eileen Valis, Industry Operations Investigator | *[signature]* |

Print Name and Title of Person Served

David Milton Frazier II - Owner

Signature of Person Served *(if applicable)*
*[signature]* 1-31-19

Address Where Notice Served

922 N. Queen Street
Martinsburg, WV 25404

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

Your renewal application for your Federal Firearms License as a Pawnbroker in Firearms other than Destructive Devices (#4-55-01768), is being denied. This notice explains the basis for the denial.

**Authorization for Revocation**

Under the provisions of Section 923(d)(1), Title 18, United States Code (U.S.C.), any application submitted for a Federal Firearms License, shall be approved if, among other criteria:

> (C) The applicant has not willfully violated any of the provisions of this chapter [the Gun Control Act] or regulations issued thereunder; ...

**Legal Grounds for Denial**

Your application is subject to denial pursuant to 18 U.S.C. § 923(d)(1)(C) because you, as well as your representative, willfully violated the Gun Control Act and regulations personally as described in the paragraphs below.

**Compliance History**

(1) In 2010, the licensee was subject to a compliance inspection by ATF Industry Operations Investigators. At the conclusion of the inspection, the licensee was cited for, among other things:

    a) Violation of 27 C.F.R. § 478.102(a)(1) for failing to conduct a new NICS background check for a transaction where NICS was originally contacted more than 30 days prior.

    b) Violation of 27 C.F.R. § 478.21(a) for transferring a firearm without first completing accurately all appropriate sections (such as questions 31, 32, 33 and 35) of ATF Form 4473.

    c) Violations of 27 C.F.R. § 478.125(e) for failing, on eighteen (18) instances, to completely, accurately, and timely record information (such as the fact of disposition, serial number, the FFL number from whom he received firearms, the type of firearm, type of action, and the transferee's physical address) into the Acquisition and Disposition record.

    d) Violations of 27 C.F.R. § 124(c)(1) for transferring a firearm, on six (6) instances, without first requiring the transferee provide the personal identifying information (such as whether non-immigrant alien, state of residence, certification date, etc.) required by ATF Form 4473.

    e) Violation of 27 C.F.R. § 124(c)(3)(i) for failing to complete question 20a, the

US00000003

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

        purchaser's identification information, on one (1) ATF Form 4473.

- f) Violations of 27 C.F.R. § 478.124(c)(3)(iv) for failing, on six (6) instances, to record, or record accurately, all NICS transaction information on ATF Form 4473 (questions 21a, 21b, and 21d) prior to the transfer of a firearm.

- g) Violations of 27 C.F.R. § 478.124(c)(4) for failing, on three (3) instances, to complete or correctly complete the information regarding the manufacturer, serial number, and caliber/gauge of the firearm to be transferred on ATF Form 4473 (question 29) prior to the transfer of the firearm.

- h) Violations of 27 C.F.R. § 478.124(c)(5) for failing, on five (5) instances, to record or properly record the correct date of transfer of a firearm on ATF Form 4473.

(2) During the 2010 inspection, the ATF investigator reviewed federal firearms regulations and recordkeeping requirements with the licensee and provided the licensee with the Federal Firearms Regulations Reference Guide, an FFL Information Publication, and a package of ATF Forms.

(3) On May 7, 2010, the licensee was provided with a copy of the Report of Violations (ROV), detailing the problems ATF found during the inspection. The licensee signed the ROV acknowledging that he had received it and that the ATF inspector had discussed the violations with him.

(4) The licensee received a warning letter on June 1, 2010, which again detailed the violations discovered during the inspection. The letter also reminded the licensee that future violations may be considered willful and could result in the revocation of its federal firearms license.

(5) In 2011, the licensee was subject to a compliance inspection by ATF Industry Operations Investigators. At the conclusion of the inspection, the licensee was cited for, among other things:

- a) Violations of 27 C.F.R. § 478.125(e) for failing, on thirteen (13) instances, to completely, accurately, and timely record information (such as the fact of disposition) into the Acquisition and Disposition record.

- b) Violations of 27 C.F.R. § 124(c)(1) for transferring a firearm without first requiring the transferee provide their street name and number (providing instead their social security number), on one occasion, and not requiring the transferee answer question 11.j ("Have you ever renounced your United States citizenship?"), on one occasion.

- c) Violations of 27 C.F.R. § 478.124(c)(5) for failing, on two (2) occasions, to properly sign and/or record the correct date of transfer of a firearm on ATF Form 4473.

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

    d)     Violations of 27 C.F.R. § 478.21(a) for failing to print licensee's name (question 33) and to provide licensee's title (question 35) on ATF Form 4473 on two occasions.

(6)     During the 2011 inspection, the ATF investigator reviewed federal firearms regulations and recordkeeping requirements with the licensee and provided the licensee with the Federal Firearms Regulations Reference Guide, an FFL Information Publication, and a package of ATF Forms

(7)     On March 14, 2012, the licensee was provided with a copy of the Report of Violations (ROV), detailing the problems ATF found during the inspection. The licensee signed the ROV acknowledging that he had received it and that the ATF inspector had discussed the violations with him.

(8)     The licensee also attended a warning conference on July 10, 2012 at ATF's Martinsburg, West Virginia office. At the conference, the violations discovered during the 2011 inspection, as well as how to correct them and avoid future violations, were discussed in detail. The licensee was given the opportunity to ask any questions about the federal firearms regulations and was warned that future violations may be deemed willful. The following day, ATF sent licensee a letter summarizing the discussions that had taken place at the warning conference, and reminding the licensee that future violations may be considered willful and may result in revocation of the federal firearms license.

(9)     In 2014, the licensee was subject to a compliance inspection by ATF Industry Operations Investigators. At the conclusion of the inspection, the licensee was cited for, among other things:

    a)     Violations of 27 C.F.R. § 478.125(e) for failing, on twenty-five (25) instances, to completely, accurately, and timely record information (such as the fact of disposition and serial number) into the Acquisition and Disposition record.

    b)     Violations of 27 C.F.R. § 478.21(a) for failing, on seven (7) instances, to provide the type of firearm (question 18), the total number of firearms (question 30a), a printed seller's name (question 33), and the transferor's title (question 35) on ATF Form 4473.

    c)     Violations of 27 C.F.R. § 124(c)(1) for transferring a firearm, on fourteen (14) instances, without first requiring the transferee provide the personal identifying information (such as full name, residential address, place of birth, whether under indictment, signature, etc.) as required by ATF Form 4473.

    d)     Violation of 27 C.F.R. § 124(c)(3)(i) for failing to complete question 20b, the alternate documentation used, on one (1) ATF Form 4473.

    e)     Violations of 27 C.F.R. § 478.124(c)(3)(iv) for failing to record, or record accurately,

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

> all NICS transaction information on ATF Form 4473 (questions 21.a, 21.c, 21.d, and 21.e) prior to the transfer of a firearm.
>
> f) Violations of 27 C.F.R. § 478.124(c)(5) for failing, on five (5) instances, to properly sign and/or record the correct date of transfer of a firearm on ATF Form 4473.
>
> g) Violation of 27 C.F.R. § 478.126a, for failing to report the sale of two or more pistols, or revolvers, or combination thereof, to an unlicensed person on the same day or within five consecutive business days.

(10) During the 2014 inspection, the ATF investigator reviewed federal firearms regulations and recordkeeping requirements with the licensee and provided the licensee with the Federal Firearms Regulations Reference Guide, an FFL Information Publication, and a package of ATF Forms.

(11) On November 4, 2014, the licensee was provided with a copy of the Report of Violations (ROV), detailing the problems ATF found during the inspection. The licensee signed the ROV acknowledging that he had received it and that the ATF inspector had discussed the violations with him.

(12) On January 26, 2015, ATF sent a warning letter to the licensee, which again detailed the violations discovered during the inspection. The letter once again reminded the licensee that future violations may be considered willful and could result in the revocation of its federal firearms license.

**Applicable Facts and Violations of Law**

On January 24, 2018, the licensee was subject to a search warrant by ATF Criminal Enforcement (CE) after ATF CE conducted three (3) controlled purchases from the licensee's business premises. Subsequent to the search warrant, the licensee was subject to a compliance inspection by ATF Industry Operations Investigators. As a result of the evidence obtained by ATF CE and the subsequent compliance inspection, the licensee was cited for the following willful violations, which are the basis for revocation of the licensee:

(13) On April 21, 2017, licensee's representative falsely completed an ATF Form 4473, entered incorrect information into their acquisition and disposition record and improperly ran a NICS background check on himself for the purchase of a Remington shotgun (Model 870; 20 gauge; S/N C925158), which he actually sold and transferred to Michele CREWS in willful violation of 18 U.S.C. §§ 923(g)(1)(A), 922(t)(1), and 924(a)(1)(A), and 27 C.F.R. §§ 478.102(a), 478.124(c)(1), 478.125(e) and 478.128(a).

(14) On July 29, 2017, licensee's representative falsely completed an ATF Form 4473, entered incorrect information into their acquisition and disposition record and improperly ran a NICS

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

background check on himself for the purchase of a Glock pistol (Model 19; 9mm caliber; S/N AMCS728), which he actually sold and transferred to Audra CREWS, who was eighteen years of age at the time of the handgun purchase, in willful violation of 18 U.S.C. §§ 923(g)(1)(A), 922(t)(1), 924(a)(1)(A), and 922(x), and 27 C.F.R. §§ 478.102(a), 478.124(c)(1), 478.125(e) and 478.128(a).

(15) On October 18, 2017, licensee's representative falsely completed an ATF Form 4473, entered incorrect information into their acquisition and disposition record and improperly ran NICS background check on a person other than the actual purchaser and facilitated the straw purchase of a Hi-Point rifle (Model 4595; .45 caliber; S/N R55185) to an individual with a Virginia driver's license, portrayed by an ATF Undercover (UC) agent, for the actual purchaser, portrayed by an ATF confidential informant (CI) with a felony conviction, who the licensee's representative knew or reasonable should have known was a prohibited person in willful violation of 18 U.S.C. §§ 922(d)(1), 923(g)(1)(A), 922(t)(1), and 924(a)(1)(A), and 27 C.F.R. §§ 478.102(a), 478.124(c)(1), 478.125(e) and 478.128(a).

(16) On October 24, 2017, licensee's representative falsely completed an ATF Form 4473, entered incorrect information into their acquisition and disposition record and improperly ran NICS background check on a person other than the actual purchaser and facilitated the straw purchase of a Springfield pistol (Model XD-9; 9mm caliber, S/N GM979645) to an individual with a West Virginia driver's license, portrayed by an ATF UC agent, for the actual purchaser, portrayed by an ATF CI with a felony conviction, who the licensee's representative knew or reasonable should have known was a prohibited person in willful violation of 18 U.S.C. §§ 922(d)(1), 923 (g)(1)(A), 922(t)(1), and 924(a)(1)(A), and 27 C.F.R. §§ 478.102(a), 478.124(c)(1), 478.125 (e) and 478.128(a).

(17) On January 18, 2018, licensee's representative falsely completed an ATF Form 4473, entered incorrect information into their acquisition and disposition record and improperly ran NICS background check on a person other than the actual purchaser and facilitated the straw purchase of a Springfield pistol (Model XD-45; .45 ACP caliber, S/N GM403521) and an FN pistol (Model FNS-9; 9mm caliber; S/N GKU0026569) to an individual with a West Virginia driver's license, portrayed by an ATF UC agent, for the actual purchaser, portrayed by another ATF UC agent, who the licensee's representative knew or reasonable should have known was an out-of-state resident in willful violation of 18 U.S.C. §§ 922(b)(3), 923(g)(1)(A), 922(t)(1) and 924(a)(1)(A), and 27 C.F.R. §§ 478.102(a), 478.124(c)(1), 478.125(e) and 478.128(a).

(18) You engaged in approximately forty-seven (47) willful violations (on twenty-nine (29) ATF Form 4473) of 18 U.S.C. §§ 922(m), 923(g)(1)(A), and 27 C.F.R. §§ 478.21(a) and 478.124(c) for transferring a firearm without first completing accurately all appropriate sections (such as questions 11.a, 16, 22, 23 and 29) of ATF Form 4473. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010, 2011 and 2014.

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

(19) You engaged in approximately sixty-six (66) willful violations (on forty (40) ATF Form 4473) of 18 U.S.C. §§ 922(m), 923(g)(1)(A), and 27 C.F.R. § 478.124(c)(1), for transferring a firearm without first requiring the transferee provide the personal identifying information (such as name, residential address, place of birth, citizenship, etc.) required by ATF Form 4473. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010, 2011 and 2014.

(20) You engaged in approximately five (5) willful violations (on five (5) ATF Form 4473) of 18 U.S.C. §§ 922(m), 922(t)(1)(c), and 923(g)(1)(A), and 27 C.F.R. § 478.124(c)(3)(i) for failing to verify and properly record the identity of the transferee by examining a valid government-issued identification document (as defined in 27 C.F.R. § 478.11). This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010 and 2014.

(21) You engaged in approximately thirty-six (36) willful violations of 18 U.S.C. §§ 922(m), 922(t), and 923(g)(1)(A), and 27 C.F.R. § 478.124(c)(3)(iv) for failing to record all NICS transaction information on ATF Form 4473 (questions 19.a, 19.c, and 19.d) prior to the transfer of a firearm. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010 and 2014.

(22) You willfully violated 18 U.S.C. §§ 922(m) and 923(g)(1)(A), and 27 C.F.R. § 478.124(c)(4) for failing to enter correct information regarding the manufacturer, serial number, and caliber/gauge of the firearm to be transferred on ATF Form 4473 (question 27) prior to the transfer of the firearm. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010.

(23) You engaged in approximately five (5) willful violations (on five (5) ATF Form 4473) of 18 U.S.C. §§ 922(m), 923(g)(1)(A), and 27 C.F.R. § 478.124(c)(5), for failing to properly sign and/or record the correct date of transfer of a firearm on ATF Form 4473. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010, 2011 and 2014.

(24) You engaged in approximately two (2) willful violations of 18 U.S.C. § 922(g)(3) and 27 C.F.R. § 478.126a, involving four (4) handguns, for failing to timely or correctly report the sale of two or more pistols, or revolvers, or combination thereof, to an unlicensed person on the same day or within five consecutive business days. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2014.

(25) You engaged in approximately eight (8) willful violations of 18 U.S.C. § 922(m) and 923(g)(1)(A), and 27 C.F.R. § 478.125(e) for failing to completely, accurately, and timely record information (such as the fact of disposition, the date of disposition, the transferees name and address) into the Acquisition and Disposition record. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010, 2011 and 2014.

8

ATF Form 4498
David Milton Frazier II
922 N. Queen Street
Martinsburg, West Virginia 25404

(26)    You willfully violated 18 U.S.C. § 922(t)(1)(A) and 27 C.F.R. § 478.102(a)(1) for failing to conduct a NICS background check on a purchaser of a firearm. This is a repeat violation. The licensee was previously cited for other violations of this provision in 2010.