IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

DAVID FRAZIER, II d/b/a FRAZIER'S PAWN SHOP,

        Petitioner,

v.                                                      Civil Docket No.: 3:19-cv-00208
                                                      (CHIEF JUDGE GROH)

MICHAEL F. FRONCZAK,
DIRECTOR, INDUSTRY OPERATIONS, WFD and
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES,

        Respondents.

## PETITIONER'S RESPONSE TO RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

    COMES NOW, the Petitioner, David Frazier, II, d/b/a Frazier's Pawn Shop (hereinafter referred to as "Petitioner"), a sole proprietorship, and Federal firearms dealer licensed to sell firearms by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") under 18 U.S.C. § 923 and hereby responds to Respondents' motion for summary judgment, duly filed in the clerk's office of the United States District Court for the Northern District for the Northern District of West Virginia.

    Petitioner commenced this action by filing a Petition for Judicial Review[1] regarding the ATF's denial of his Application for Renewal of his Federal firearms license. Under the provisions of section 923(e), Title 18, United States Code, and 27 C.F.R. § 478.73, a Federal Firearms license may be denied renewal of his application to sell firearms or license revoked if the holder of such licensee has willfully violated any provision of Chapter 44, Title 18, United States Code, or any rule or regulation issued thereunder.

---

[1] 18 U.S.C. § 923(f) (3) provides for de novo review in the United States District Court for the Northern District of West Virginia.

1

However, "Courts uniformly hold that where ... a licensee understood his legal obligations for record keeping, but repeatedly failed to abide by these obligations, his license can properly be denied or revoked pursuant to 18 U.S.C. § 923(e) on the ground that he willfully violated the record keeping requirements of the Gun Control Act." *Al's Loan Office v. United States Department of Treasury*, 738 F. Supp. 221, 224 (E.D.Mich.1990).

## STANDARD ON THIS MOTION

In moving for summary judgment, the Defendants bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *De Leon v. St. Joseph Hospital, Inc.*, 871 F.2d 1229, 1233, (4th Cir. 1989); *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). This burden may be satisfied through "affidavits, exhibits, depositions, and other discovery materials,"*Barwich v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984), and is met when the movant identified those portions of the records which demonstrate the absence of a genuine issue of material fact. *Celetox Corp. v. Catrett*, All U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). At that juncture, the burden shifts to the party resisting the motion, who must then, "make a showing sufficient to establish the existence of an element essential to that party's cause, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, All at 322, 106 S.Ct. at 2552.

"[A]" party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, All U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (emphasis added). This obligation is particularly strong when the non-moving party bears the burden of proof. *Celotex Corp.*, All U.S. at 323, 106 S.Ct. at 2552.

In *Burgess v. Bowen*, No. 10-2081 (4th Cir. Feb. 17, 2012) (unpublished), the court stated, . . . . It is not the district court's role to "weigh the evidence and determine the truth of the matter" but instead to determine whether there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) at 250. A district court considering a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party, *Unus v. Kane*, 565 F.3d 103, 115 (4th Cir. 2009), and draw all inferences in favor of the nonmovant, *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

In, *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012), the Court stated, the district court must draw reasonable inferences in the light most favorable to the non-moving party. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

After consultation with his attorney and careful review of the documents contained in the record; the transcript of the ATF Administrative hearing, held on August 21, 2019; Respondents motion for summary judgment and memorandum of law, the Petitioner advised his legal counsel that there are no genuine issues in dispute with respect to the assertions made by Respondents' in

3

the motion. However, the Petitioner maintains that he was not aware of any violations committed by Mr. Hoffman, his employee.

In the instant case, the Petitioner appears to be solely liable for the acts of his employees. *Stein's Inc.* v. *Blumenthal*, 649 F.2d 463, 468 (7th Cir. 1980). Clearly, violations committed by employee's selling firearms while working within the scope of their employment are attributable to the employer. *See Bankston* v. *Then*, 615 F.3d 1364, 1368-1369 (11th Cir. 2010).

WHEREFORE, the Petitioner is not in a position to challenge the law in this case.

By: "s/" <u>Sherman L. Lambert, Sr.</u>
Sherman L. Lambert, Sr., Esquire
SHERMAN L. LAMBERT, SR., P.L.L.C.
WVSB No.: 2129
P.O. Box 3200
Shepherdstown, WV 25443
sherman@shermanlambertlaw.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

DAVID FRAZIER, II d/b/a FRAZIER'S PAWN SHOP,

    Petitioner,

v.                                                                  Civil Docket No.:
                                                                    (CHIEF JUDGE GROH)

MICHAEL F. FRONCZAK,
DIRECTOR, INDUSTRY OPERATIONS, WFD and
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES,

    Respondents.

## VERIFICATION

I, David Frazier, II, named in Respondent's Motion for Summary Judgment, duly filed in the clerk's office of the United States District Court for the Northern District of West Virginia, and being first duly sworn, deposes, says and verify that the allegations set forth in my Response to Respondent's Motion for Summary Judgment are true and correct, except insofar as they are therein stated to be upon information and belief, and insofar as they are stated to be upon information and belief, he believes them to be true.

                                                                                            David Frazier, II

STATE OF WEST VIRGINIA,
COUNTY OF BERKELEY, to-wit:

Taken, subscribed and sworn to by David Frazier, II, before me, in my said State and County, this 24th day of June 2020.

                                                                                            Notary Public

My commission expires: MARCH 13, 2024

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
AMBERLY JOHNSON
Summit Community Bank
231 Aikens Center
Martinsburg, WV 26404
My Commission Expires March 13, 2024

5