IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID FRAZIER, II,**
**FRAZIER'S PAWN SHOP,**

      Petitioner,

v.                                          Civil Action No. 3:19-cv-00208

**MICHAEL F. FRONCZAK,**
**Director of Industry Operations**
**Washington Field Division**
**Bureau of Alcohol, Tobacco,**
**Firearms and Explosives**
**90 K Street, N.E., Suite 1102**
**Washington, DC 20226,**

      Respondent,

## REPLY TO PETITIONER'S RESPONSE TO RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

    Respondent, Michael F. Fronczak, Director of Industry Operations, Washington Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), by and through counsel, William J. Powell, United States Attorney for the Northern District of West Virginia, and Erin K. Reisenweber, Assistant United States Attorney for said district, now replies to Petitioner's Response to Respondent's Motion for Summary Judgment [ECF No. 12].

    Summary judgment should be granted in this case as the Petitioner's Response concedes there are no genuine issues in dispute as to any material fact relating to Petitioner's multiple willful violations of the Gun Control Act, and therefore this Court can grant summary judgment without conducting an evidentiary hearing. *American Arms International v. Herbert*, 563 F.3d 78, 82 (2009); *DiMartino v. Buckles*, 129 F. Supp. 2d 824, 827 (D. Md. 2001) *affirmed DiMartino v.*

*Buckles*, 19 Fed. Appx. 114 (4th Cir. 2001).  Petitioner's Response further acknowledges that revocation of his Federal Firearms License (FFL) is appropriate as he is solely liable for the acts of his employees.  *See Fairmount Cash Mgmt. LLC. v. James*, 858 F 3d 356, 363 (5th Cir. 2017) (similar acts of other FFL employees are attributable to the FFL and provide a basis for ATF to revoke the FFL).   Moreover, the Petitioner acknowledges that the violations committed by an employee when selling firearms while working within the scope of employment, as happened in the case at hand, are indeed attributable to the employer. *See id.  See also Stein's Inc. v. Blumenthal*, 649 F.2d 463, 468 (7th Cir. 1980); *Fin & Feather Sport Shop, Inc. v. United States Treasury Department,* 481 F. Supp. 800, 806 (D. Neb. 1979).

      Accordingly, for these reasons and the reasons set forth in Respondent's Motion, Respondent respectfully requests that this Court enter summary judgement on Respondent's behalf.

      Respectfully submitted,

      WILLIAM J. POWELL
      UNITED STATES ATTORNEY

      *s/ Erin K. Reisenweber*
      Erin K. Reisenweber
      Assistant United States Attorney
      217 West King Street, Suite 400
      Martinsburg, West Virginia 25401
      (304) 262-0590 Telephone
      (304) 262-0591 Fax
      Erin.Reisenweber@usdoj.gov

Of Counsel:
Michael L. Boyer
Jeffrey A. Cohen
ATF Office of Chief Counsel

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, I electronically filed the foregoing REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notice of such to all counsel of record.

/s/ *Erin K. Reisenweber*
Erin K. Reisenweber
Assistant United States Attorney
United States Attorney's Office
217 West King Street, Suite 400
Martinsburg, WV 25401
Phone:  (304) 262-0590
Fax:  (304) 262-0591
Erin.Reisenweber@usdoj.gov